UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW FIGGINS,

                Petitioner,                **DECISION AND ORDER**

v.

                                                09-CV-00680(A)(M)

JAMES CONWAY,

                Respondent.
_____

        This action has been referred to me by Order of Hon. Richard J. Arcara for all proceedings necessary to a determination of the factual and legal issues presented and to prepare and submit a Report and Recommendation [14].[1] Before me are petitioner's motions for appointment of counsel [12 and 26]. For the following reasons, I order that the motions be denied, without prejudice.

**BACKGROUND**

        Petitioner was convicted of second degree burglary in Monroe County Court. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, vacating his conviction, on the following grounds: (1) the evidence was legally insufficient, (2) the trial court erred in permitting the prosecutor to properly impeach petitioner's credibility on cross-examination, (3) the trial court erred in denying his motion to dismiss the jury pool, (4) the trial court erred in permitting the prosecutor to introduce evidence of petitioner's prior drug use, (5) the trial court erred by refusing to permit petitioner to challenge the constitutionality of his prior convictions

---

[1]     Bracketed references are to the CM/ECF docket entries.

before sentencing him as a persistent violent felony offender, and (6) ineffective assistance of trial and appellate counsel. Petition [1].

**ANALYSIS**

"It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding . . . ; rather the appointment of counsel . . . is a matter of discretion." Bligen v. Woughter, 2010 WL 779330, *1 (S.D.N.Y. 2010) (*citing* Wright v. West, 505 U.S. 277, 293 (1992)). Thus, "in determining whether, in the interest of justice, counsel should be appointed for a habeas petitioner, the Court considers the same factors as it considers on counsel applications by indigent plaintiffs under 28 U.S.C. §1915". McGrigg v. Killian, 2009 WL 536048, *1 (S.D.N.Y. 2009).

First, the court should "determine whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997). Once it is determined that the claim meets the threshold merits requirement, the Court should consider a number of other factors, including (1) the nature of the factual issues the claim presents, and petitioner's ability to conduct an investigation of the facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) petitioner's apparent ability to present the case; (4) whether the legal issues involved are complex; (5) whether appointment of counsel would lead to a quicker and more just determination of the case; and (6) petitioner's efforts to obtain counsel. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause". Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Romero v. Napoli, 2009 WL 212415, *1 (S.D.N.Y. 2009) (citing Cooper, 877 F.2d at 174).

With these considerations in mind, I find that the standard for appointment of counsel has not been met. Petitioner seeks appointment of counsel because he is "a layman of the law" and does not "know the law at all" [26], p. 1. He also seeks appointment of counsel due to his vision problems [12], pp. 1-2.

Petitioner's motions fail to demonstrate that he is unable to present any relevant facts or to understand his legal position. Likewise, petitioner's motions fail to demonstrate that the legal issues in his case are complicated, or that appointment of counsel would lead to a more just determination. Petitioner is free to move to for an extension, as he has done in the past, if his medical condition or lack of familiarity with the law inhibits his ability to meet any court imposed deadlines in this case.

According to petitioner the prison had assigned him a clerk to assist him with this case because of his vision problems, but "everything [the clerk has] done seems not to be done wright [sic]" and the clerk is threatening to" mess [his] federal habe up" because petitioner refused to pay him. Id. Those issues should be addressed with petitioner's facility.

Petitioner also appears to seek appointment of counsel for his state criminal court matter: "I received a letter from . . . [the] Clerk of the Court of Appeals telling me I could file a motion for a extension of time to summit [*sic*] an application for leave to the Court of Appeals . . . I have know [*sic*]  help to do my application for leave, I a'm [*sic*] a layman of the law thats why I ask of this court to help me with counsel". [27], p 2.  This request should be made to the proper state court.

In connection with petitioner's motions he also asks me a series of legal questions about his petition and  respondent's arguments.  Unfortunately, I cannot provide legal advice.  In order to assist petitioner in pursuing this case,  I will direct that he be provided with the court's booklet entitled "*Pro Se* Litigation Guidelines".

At this time, I find that the interests of justice do not necessitate the appointment of counsel in this case, and petitioner's motions for appointment of counsel are denied, without prejudice to renewal.  It remains petitioner's responsibility to retain an attorney or to prosecute this action *pro se*.


**CONCLUSION**

For these reasons, petitioner's motions for appointment of counsel [12 and 26] are denied, without prejudice.  The clerk of court is directed to send petitioner the court's booklet entitled "*Pro Se* Litigation Guidelines".

**SO ORDERED**.

Dated: March 29, 2011

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge